IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

v.

JUAN AGOSTO VEGA

Defendant

CRIMINAL NO. 05-157 (CCC)

**REPORT AND RECOMMENDATION**

Before the Court is defendant Agosto Vega's *Motion to Suppress Statements* (Docket No. 24). A hearing on the same was held on 8/1/05. The Government was represented by SAUSA Silvia Carreño. Defendant was represented by attorney Juan A. Pedrosa.

In his motion, defendant moves to suppress a statement made by him to the arresting agents as he was being transported from his home to the federal building in Hato Rey.

There is no issue in this case as to the fact that defendant was under custody at the time he made the statement. The issue is thus whether the statement was the product of unlawful governmental interrogation. See Miranda v. Arizona, 384 U.S. 436, 478 (1966). Interrogation is "either express questioning or its functional equivalent". See Rhode Island v. Innis, 446 U.S. 291, 300 (1980). However, any statement made freely and voluntarily without any compelling influences is admissible in evidence as this cannot be the basis for a Miranda claim. See United States v. López 380 F. 3d 538, 545 (1st Cir. 2004); see also United States v. Payne, 542 U.S. 630 (2004) (holding that the failure to provide Miranda warnings does not require suppression of voluntary statement).

The Government bears the burden of proving by a preponderance that the statement at issue was voluntary and not obtained in violation of Miranda. See United States v. Gell-Iren, 146 F. 3d 827, 830 (10th Cir. 1998); Untied States v. Montalvo-Ortíz, 983 F. Supp. 78, 80 (D.P.R. 1997). Here, the Government has met such burden.

At the hearing the Government presented the testimony of FBI task force agent Carlos Juan Nazario Lebrón. Agent Nazario Lebrón, along with several other agents arrested defendant outside his residence as he was leaving the same in the morning. Another agent by the name of David

**CIVIL NO. 05-157 (CCC)**               2

Villareal told defendant he was under arrest. Simultaneously, Nazario Lebrón told defendant to empty his pockets and to leave his belongings at home. Defendant asked to be allowed to keep these, as he did not want to wake up his spouse and alarm her. Agent Nazario Lebrón acceded to defendant's request and proceeded to cuff him and place him in the police vehicle.

Agent Nazario Lebrón recalls that as he was cuffing defendant another agent read him his Miranda warnings. He does not recall which agent did this, however. While en route to the federal building for processing and initial appearance before a Magistrate-Judge, defendant asked the agents inside the car why he had been arrested. Special Agent Amado Vega told him to remain silent until he arrived at the federal building. Defendant, however, did not remain silent and stated "I could not have done that because I drink from said water. Over there, everyone had pork and horse farms and everyone did that; a lot will come up at trial". Agent Vega again instructed defendant to remain silent. Once at the federal building, defendant was read again his Miranda rights and he refused to be interviewed.

Having seen agent Nazario Lebrón while on the witness stand, the Court finds him to be a credible witness in regards to his entire testimony. Bases on the same, as previously summarized, the Court concludes that defendant's statement was not the product of custodial interrogation or its equivalent. To the contrary, the same was a voluntary and spontaneous act by defendant. Furthermore, the agents in no way elicited such statement.

Defendant questions the veracity of agent Nazario Lebrón's account by submitting the arrest log of defendant, prepared by SA Amado Vega (Defendant's Exhibit A). In the same, Vega does not mention that defendant was given his Miranda warnings upon arrest. Irrespective of whether defendant was read his rights or not, the statements made by defendant were not the product of "custodial interrogation". Thus, even if agent Nazario Lebrón mistakenly came under the impression that another agent read defendant his rights[1], this fact alone would not make defendant's spontaneous statements involuntary or the by-product of unlawful government conduct.

---

[1] Again, the Court notes it found agent Nazario Lebron's testimony to be credible.

**CIVIL NO. 05-157 (CCC)**                                                 3

Finally, defendant argued that he should be able to cross-examine on the stand the other agents who participated in the defendant's arrest, so as to contest the veracity of agent Nazario Lebrón's narrative as to whether defendant was read his rights upon arrest. Again, the Court understands that this is a collateral matter. Irrespective of whether defendant was read his rights, it is evident that his statement was not the result of an interrogation nor its functional equivalent.[2]

Accordingly, the defendant's motion to suppress (Docket No. 24) must be **DENIED**.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 5th day of August, 2005.

*S/ Gustavo A. Gelpi*

                                                **GUSTAVO A. GELPI**
                                                United States Magistrate-Judge

---

[2] Defendant also made a second subsequent statement that is not the object of his suppression motion. While en route to the federal building, one of the agents asked him whether he knew his brother's telephone number as other agents were looking to arrest him also. Defendant responded he did not as the same had been changed.

**CIVIL  NO.  05-157 (CCC)**                4