IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) BRAULIO AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>2) JUAN AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>3) BRAULIO AGOSTO MOTORS, INC.<br>(Counts Two and Three)<br>Defendants | CRIMINAL 05-0157CCC |

**O R D E R**

Before the Court is the Motion to Suppress Statements filed by defendant Juan Agosto-Vega on June 26, 2005 (**docket entry 24**), which the United States opposed on July 8, 2005 (**docket entry 26**). Defendant seeks suppression of a statement he made shortly after being arrested on May 11, 2005, claiming that it took place before being Mirandized. The government contends that suppression is not required since defendant's statement was not the product of interrogation but, rather, voluntarily made.

The motion was referred to U.S. Magistrate-Judge Gelpí on July 19, 2005 (docket entry 29) who, after conducting an evidentiary hearing, filed a Report and Recommendation on August 5, 2005 (**docket entry 36**) where he concluded that the motion to suppress should be denied. Magistrate-Judge Gelpí gave complete credence to the testimony of the only witness called during the hearing, F.B.I. task force agent Carlos Juan Nazario-Lebrón. Agent Nazario-Lebrón described how the events transpired during the arrest of defendant. He affirmed that he heard one of his companion agents Mirandize the defendant while he was being arrested. He also testified that the statement here at issue, which was made by defendant while being transported to the federal building, was voluntary and did not result from any questioning conducted by the agents.

CRIMINAL 05-0157CCC                           2

   Defendant Agosto-Vega filed objections to the Report and Recommendation on August 24, 2005 (**docket entry 39**), contending that his statement was made after one of the FBI agents replied to his inquiry about the charges for which he was arrested and that, as such, was in response to the functional equivalent of an interrogation. Defendant also complains that, although he intended to subpoena the other arresting agents to testify as to when the Miranda warnings were given and by whom, the U.S. Magistrate-Judge did not consider this request during the hearing and also failed to address the matter in his Report. The United States replied to the objections on September 6, 2005 (**docket entry 40**), reasserting that defendant's statement was made freely and voluntarily and without any compelling influence.

   It is well established that "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). In order for a defendant to make out a claim under Miranda, "his statements must have been the product of custodial interrogation." United States v. López, 380 F.3d 538, 545 (1st Cir.2004). The "custody" element is satisfied if the defendant is under arrest. United States v. Ventura, 85 F.3d 708, 710 (1st Cir.1996). For Miranda purposes, "interrogation is 'express questioning or its functional equivalent.' " United States v. Genao, 281 F.3d 305, 310 (1st Cir.2002) (quoting Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). Interrogation occurs only when police conduct is reasonably likely to elicit an incriminating response from the suspect. See id. A defendant's voluntary statements, even if incriminating, generally do not amount to a custodial interrogation. López, 380 F.3d at 546.

   The testimony of Agent Nazario-Lebrón during the evidentiary hearing established that after his arrest and while being transported in one of the agent's vehicles to the federal building, defendant asked why he had been arrested. One of the arresting officers, Special Agent Amado Vega, told him to remain silent until they got to the federal building. Defendant then made the statement which he intends to suppress. Agent Vega then told him again to remain silent until they arrived at the federal building. See Transcript of Suppression Hearing (docket entry 38), at p. 8, lines 2-15.

CRIMINAL 05-0157CCC                      3

Given these circumstances, where defendant initiates a conversation with the agents by asking the reason for his arrest, an agent responds instructing him to remain silent, and defendant blurts the statement which he now seeks to suppress, we simply fail to see any indication that the statement stemmed from custodial interrogation or its functional equivalent. Clearly, the agent's instruction for defendant to remain silent was not designed to elicit an incriminating response. As the statement made to the agents, incriminating or otherwise, was not in response to direct questioning or the functional equivalent of direct questioning, see Genao, 281 F.3d at 310-11, Miranda warnings were not required.

Although defendant portrays a slightly different version of the events, and contends that his statement was made after he had asked the reasons for his arrest and Agent Vega had informed him (see Objections to Report and Recommendation (docket entry 39), at p. 2,) his factual scenario would not alter our conclusion. Even under that set of circumstances, which we stress is not sustained by the evidence, defendant's statement would not have been the product of custodial interrogation. After all, "[a] law enforcement officer's mere description of the evidence and of potential charges against a suspect . . . hardly can be classified as interrogatory." United States v. Conley, 156 F.3d 78, 83 (1st Cir.1998).

Finally, while defendant makes much ado about the Magistrate-Judge's failure to consider the testimony of other agents with regard to the issue of whether Miranda warnings were given shortly after his arrest, or later when he arrived to the federal building, this is not a relevant issue. As the Magistrate-Judge correctly observed, "[i]rrespective of whether defendant was read his rights, it is evident that his statement was not the result of an interrogation nor its functional equivalent." Report and Recommendation (docket entry 36), at p. 3.

We need go no further. Based on the undisputed facts of the circumstances surrounding defendant's statement, we have no difficulty finding that the statement was his free and

voluntary act. Accordingly, the Report and Recommendation (**docket entry 36**) is APPROVED and ADOPTED. Consequently, the Motion to Suppress Statements filed by defendant Juan Agosto-Vega on June 26, 2005 (**docket entry 24**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 17, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge